IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES MCCONICO, JR., #117 395, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16cv414-WHA |
| | ) | |
| INS. COORDINATOR CHERYL PRICE, | ) | (wo) |
| et al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on a Motion for Relief of Judgment and Order Pursuant to Rule 60(b) which was filed on April 24, 2017 (Doc. #34).

This court entered final judgment in this case on January 4, 2017. (Doc. #31). The case was dismissed for Plaintiff's failures to prosecute and comply with the orders of the court. Specifically, the Plaintiff failed to notify the court of his new address.

The record in this case reflects the last pleading received by the court from the Plaintiff before April 2017 was dated October 18, 2016. (Doc. #27). The return address on the envelope containing the October 2016 pleading reflects the Plaintiff was housed at Easterling Correctional Facility. After orders from the court were returned as undeliverable, on November 8, 2016, the court directed Plaintiff to show cause why his complaint should not be dismissed for his failure to notify the court of a change of address. (Doc. #29). The Plaintiff's copy of that order was returned to the court marked as undeliverable. On December 1, 2016, the Magistrate Judge recommended the Plaintiff's complaint be dismissed for failing to prosecute this action and comply with the orders of the court. (Doc. #30). On January 4, 2017, the Recommendation was adopted, and this court entered final judgment. (Docs. #31, #32).

In support of his Rule 60(b) motion, the Plaintiff indicates he was transferred from the Easterling Correctional Facility to the Ventress Correctional Facility. The Plaintiff states that on November 3, 2016, he notified the Clerk, in writing, of his change of address. The Plaintiff's motion refers the court to "Exhibits B & C" but there are no attachments to the motion. The Plaintiff goes on to state that he sent in a request for a copy of the docket sheet and copies of orders pertaining to his complaint. This letter to the Clerk was received on April 12, 2017, and the envelope in which it arrived was docketed by the Clerk as a notice of change of address. (Doc. #33). The Plaintiff's notice of change of address change, therefore, is dated April 12, 2017, and his Rule 60(b) motion was filed April 24. (Docs. #33, #34).

Rule 60(b) relief is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). In his Rule 60(b) motion, the Plaintiff maintains he submitted a change of address to the court in writing in November 2016, but provides no proof he did so, and the court file contains no correspondence or other notification from the Plaintiff informing the court of an address change prior to April 12, 2017. The Plaintiff did not submit any additional pleadings or correspondence in this case after his October 18, 2016 pleading, nor did he file anything for over five months from the time he claims to have notified the court of his address change, and for over six months from the last time the record shows he received an order from the court. Accordingly, the court concludes that the Plaintiff has not shown exceptional circumstances warranting relief.

The Motion (Doc. #34) is hereby ORDERED DENIED.

DONE this 27th day of April, 2017.

    /s/ W. Harold Albritton
    W. HAROLD ALBRITTON
    SENION UNITED STATES DISTRICT JUDGE